IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MORISSA JACKSON**                                                                                  **PLAINTIFF**
**ADC #713063**

**V.**                                 **NO: 1:17-CV-00114 KGB-PSH**

**R. AYERS,** *et al.*                                                                               **DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Morissa Jackson, an inmate at the Arkansas Department of Correction's McPherson Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated her constitutional rights by filing a false disciplinary against her and placing her in administrative segregation. *See* Doc. No. 2. Jackson was ordered to file an amended complaint describing (1) whether she is a member of a protected class; (2) how

she was treated differently than similarly situated prisoners; (3) the basis for her claim that such prisoners were in the same situation as herself; and (4) how the conditions she endured while in punitive isolation were harsh or different than her incarceration in the general population. *See* Doc. No. 3.

Jackson filed a motion to amend complaint. Doc. No. 4. In it, she states that defendant Ayers falsely accused her "under a false PREA/rape."[1] She claims that defendant Omeila conducted her PREA investigation, "listen[ed] to all the lies, and misused his authority." Doc. No. 4, page 1. Jackson states that defendant Warden Aiken was the PREA Coordinator at McPherson, and she allowed "them to abuse and misuse their authority by locking me in segregation on a false PREA/rape." *Id.* As to defendant Warden Golden, Jackson claims that "he allowed them to mistreat and abuse me with false PREA/rape charges by discriminating and misuse of authority and also violated policy and procedures." *Id.*, pages 1-2. Jackson claims that defendant Johnson was Chief of Security, and "he violated me by writing a false disciplinary that did not happen and by so doing abused and misused his authority... He also violated policy and procedure, which caused me one year and 20 days in segregation." *Id.*, page 2. Finally, as to defendant Payne, Jackson states that he was Chief Director, that he was notified "about the issue," and that "he allowed them to mistreat me and abuse and misuse their authority." *Id.* Jackson, who is black and gay, claims that she was treated differently than white inmates. The

---

[1] PREA refers to the Prison Rape Elimination Act of 2003, the intent of which was to deter the sexual assault of prisoners.

undersigned finds that Jackson fails to describe facts sufficient to state a claim for relief and recommends dismissal of her complaint and amendment.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived her of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. It appears Jackson attempts to make a Fourteenth Amendment equal protection claim based on the disciplinary proceeding against her. Jackson alleges her equal protection rights were violated because she is black, gay, and other inmates are not subjected to the same

punishment. The Eighth Circuit Court of Appeals has set forth the following standard for analyzing equal protection claims:

> The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Dissimilar treatment of dissimilarly situated persons does not violate equal protection. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 242 (8th Cir. 1994). Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her. *See, e.g., Samaad v. City of Dallas*, 940 F.2d 925, 940-41 (5th Cir. 1991). Absent a threshold showing that she is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim. *See id.* at 941 (holding that black residents failed to state an equal protection claim where they did not allege the existence of a similarly situated group of white residents who were treated differently).

*Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). Here, Jackson does not describe how she is similarly situated to other inmates who she alleges were treated more favorably. Specifically, she does not allege that these other inmates were also accused of raping another inmate as she was. In fact, she provides no details regarding other inmates who were treated differently to support her allegations that she is treated differently because she is black or gay. Accordingly, her equal protection claim fails as a matter of law.

To the extent that Jackson attempts to state a due process claim based on the disciplinary proceeding against her, she must show that she was "deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Jackson was not deprived of life or property; accordingly, she must identify the deprivation of a liberty interest to sustain a due process challenge to her prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest

in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). Jackson was instructed to file an amended complaint describing the conditions she endured while in segregation. *See* Doc. No. 3 at 3. However, her amendment does not describe how the conditions in segregation were harsh or different than those endured by the general population. *See* Doc. No. 4. Therefore, Jackson's due process claim fails.

Additionally, Jackson, who seeks compensatory damages, has not described any injury other than mental and emotional anguish and anxiety. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.      Jackson's claim be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE